UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERROL HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-30016-MGM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 8)

ROBERTSON, U.S.M.J.

I.     INTRODUCTION

On February 5, 2015, Errol Holloway ("Plaintiff") filed this civil action against the

United States of America ("Defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671, et. seq., 28 U.S.C. §§ 1346(b), 1402(b), and 2401(b), for damages resulting from

injuries he allegedly suffered at Caring Health Center ("CHC"), a federally funded health center

in Springfield, Massachusetts (Dkt. No. 1 at ¶¶ 16-19).  Defendant now moves to dismiss the

complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on

Plaintiff's failure to present his administrative tort claim on a timely basis, as required under 28

U.S.C. § 2401(b) of the FTCA (Dkt. Nos. 8, 14-1).  Plaintiff has opposed the motion (Dkt. Nos.

11, 18).  The instant motion was referred to this court for report and recommendation (Dkt. No.

20).  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Although Defendant asserts that dismissal is a jurisdictional issue, because the Supreme

Court recently held that the FTCA's statute of limitations is nonjurisdictional and subject to

equitable tolling, *United States v. Kwai Fun Wong*, 135 S.Ct. 1625, 1638 (2015), dismissal

cannot be determined under Rule 12(b)(1) but rather must be decided under Fed. R. Civ. P.

12(b)(6) or Fed. R. Civ. P. 56.  *See Torres v. United States*, No. 14380, 2015 WL 2190966, at *2

(2d Cir. May 12, 2015) ("[A]lthough the district court was correct that the statute of limitations

bars [the plaintiff's] FTCA claim, that conclusion requires a dismissal on substantive, not

jurisdictional, grounds."); *Marcus v. U.S. Postal Serv.*, No. 14-cv-330 (JFB), 2015 WL 2389955,

at *1 (E.D.N.Y. May 20, 2015) (converting Rule 12(b)(1) motion to dismiss into a motion for

summary judgment in light of *Kwai Fun Wong* and because both sides submitted evidence and

consented); *Wages v. United States*, No. 5:14-cv-04328-HRL, 2015 WL 3809414, at *1 (N.D.

Cal. June 18, 2015) (converting motion to dismiss to motion for summary judgment in light of

*Kwai Fun Wong*).  Because both parties have submitted evidence on the issue of timely

presentment, the court recommends converting Defendant's motion into one for summary

judgment under Rule 56 of the Federal Rules of Civil Procedure, as the parties were

constructively aware of the potential for conversion and had "reasonable opportunity to present

all material made pertinent" to a Rule 56 motion on such grounds.  *Rodriguez v. Fullerton Tires

Corp.*, 115 F. 3d 81, 83 (1st Cir. 1997).[1]  For the reasons stated below, the court further

---

[1] Rule 12(d) provides that a court shall convert a motion to dismiss under Rule 12(b)(6) or 12(c)
into one for summary judgment if "matters outside the pleadings are presented to and not
excluded by the court."  Fed. R. Civ. P. 12(d).  It also provides that "[a]ll parties must be given a
reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*  The First
Circuit employs a functional approach to the conversion process.  *See Rodríguez*, 115 F.3d at 83.
A district court is not required to give express notice of its intention to convert if the surrounding
circumstances effectively place the parties on notice that the court has the option of treating the
motion as one for summary judgment and the parties have been given reasonable opportunity to
present all material made pertinent by Rule 56 to such a motion.  *Id.*; *see also Chaparro–Febus
v. Int'l Longshoremen Ass'n, Local 1575*, 983 F.2d 325, 332 (1st Cir. 1992) (treating failure to
give express notice of conversion as harmless error).  Here, Plaintiff had constructive notice
because he relied on materials outside of the complaint in his opposition memorandum.  *See
Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 476 (2000) ("[A] party receives
constructive notice that the court has been afforded the option of conversion when the non-
movant appends materials outside the pleadings to an opposition and urges the court's

recommends granting Defendant's motion.

II.     FACTUAL AND PROCEDURAL BACKGROUND

The record reveals the following undisputed facts.  On June 22, 2012, Plaintiff went to

CHC for the third in a series of injections (Dkt. No. 1 at ¶ 10).  During his appointment, a staff

member used an automatic blood-pressure monitor to administer a blood-pressure test (*id.* at ¶

11).  After placing the cuff on Plaintiff's arm and turning the monitor on, the staff member left

Plaintiff unattended while the cuff automatically inflated (*id.*).  When the staff member returned,

Plaintiff stated that the cuff had continued to inflate during her absence and was causing him

"extreme pain" (*id.* at ¶ 12).  As a result of the incident, Plaintiff had right arm pain, a tender

bicep tendon, and "venous engorgement" (*id.* at ¶ 13) and was diagnosed with, among other

things, nerve injury (*id.* at ¶ 14).  In his one-count complaint, Plaintiff alleges that Defendant was

negligent by and through the acts of its employee, who deviated from the standard of care by (1)

leaving Plaintiff unattended in the room with an automatic blood-pressure monitor in use; (2)

failing to monitor Plaintiff while the machine was in operation; and (3) performing the blood-

pressure test when it was not medically necessary (*id.* at ¶ 18).

On April 8, 2014, Plaintiff's counsel filed an administrative claim with the Department of

Health and Human Services ("DHHS") for personal injuries Plaintiff suffered as a result of

alleged negligent medical treatment.  Counsel filed the "Standard Form 95: Claim for Damage,

Injury, or Death" ("SF95" or "form"), which included the identity of the defendant, the date and

location of the alleged negligent conduct, and the injuries Plaintiff suffered (Dkt. No. 9-1).

---

consideration of them."; affirming court's conversion of Rule 12(c) motion to motion for
summary judgment without providing notice).  Moreover, Plaintiff suggested that the court treat
the Defendant's motion as one for summary judgment (Dkt. No. 11 at 4-5).  Defendant also
urged the court to consider materials outside of the complaint attached to its motion.

Counsel failed to fill out the sections on the form stating a "sum certain" or amount in damages (*id.*).

DHHS acknowledged receipt of the SF95 in a letter dated April 17, 2014, and signed by Daniel F. Mendoza, a paralegal specialist with DHHS (Dkt. Nos. 9-3, 11-5). The letter noted that Plaintiff's administrative tort claim was received in the claims office on April 8, 2014 and requested that Plaintiff provide additional information to aid DHHS in its investigation, including but not limited to, itemized bills pertaining to all pertinent medical expenses incurred, three copies of all pertinent medical records, and three copies of all pertinent x-rays and magnetic resonance imaging records (Dkt. Nos. 9-3, 11-5). The letter did not request information regarding the amount of claimed damages.

On May 22, 2014, Plaintiff's attorney sent correspondence to Mr. Mendoza via facsimile and regular mail, informing him that he was in the process of gathering the requested materials and would forward him the documentation upon receipt (Dkt. Nos. 9-4, 11-6). On June 25, 2014, Plaintiff's counsel submitted the requested materials (Dkt. No. 11-7 at 1). On August 14, 2014, Plaintiff's counsel received a telephone call from Mr. Mendoza, who stated that the form had been passed on to the legal department but failed to list a sum certain in sections 12b and 12d of the form (Dkt. No. 11-2). Mr. Mendoza informed counsel that he should submit an amended form with the sum certain in the required sections (*id.*). That same day, Plaintiff sent Mr. Mendoza the amended form via facsimile, indicating three million dollars ($3,000,000) as the sum certain in both sections (Dkt. Nos. 9-6; 11-2 at ¶ 5; 11-3 at 1). Five days later, in a letter dated August 21, 2014, and mailed via certified mail to Plaintiff's counsel, the Acting Deputy Associate General Counsel of the Claims and Employment Law Branch stated that Plaintiff's administrative tort claim was denied because the evidenced failed to establish that his alleged

4

injuries "were due to the negligent or wrongful act or omission of a federal employee acting

within the scope of employment" (Dkt. No. 11-9 at 1).  The letter further stated that if Plaintiff

was dissatisfied with the determination, he could file a written request for reconsideration with

the agency or file suit against the United States in the appropriate federal district court (*id.*).  On

February 5, 2015, Plaintiff filed this action.

III.    STANDARD OF REVIEW

Under Rule 56(a), summary judgment is appropriate if the moving party demonstrates

that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The non-moving party bears the burden of

placing at least one material fact into dispute after the moving party shows the absence of any

disputed material fact.  *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (discussing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  If the non-moving party cannot show such

a dispute, the moving part is entitled to summary judgment as a matter of law.  *Celotex Corp.*,

477 U.S. at 323.  "In conducting this canvass of the record, we must take the evidence in the

light most flattering to the party opposing summary judgment, indulging all reasonable

inferences in that party's favor."  *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003)

(citing *Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990)).

IV.    DISCUSSION

In order to bring a claim under the FTCA, a plaintiff must present an administrative tort

claim to the appropriate federal agency within two years after the claim accrues.  The FTCA

provides, in pertinent part, as follows:

> A tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency
> within two years after such claim accrues or unless action is begun
> within six months after the date of mailing, by certified or

> registered mail, of notice of final denial of the claim by the agency
> to which it was presented.

28 U.S.C. § 2401(b).[2]  Such a claim is "presented" when it is received by the appropriate federal

agency.  28 U.S.C. § 2675(a).[3]  Plaintiff bears the burden of establishing that his claim was

presented to the appropriate federal agency by the two-year deadline.  *See Wages*, 2015 WL

3809414, at *2.  The Supreme Court recently held that the two-year statute of limitations set

forth in 28 U.S.C. § 2401(b) may be equitably tolled.  *Kwai Fun Wong*, 135 S.Ct. at 1638.

In response to Defendant's motion, Plaintiff first argues that his claim was timely

presented because his submission met DHHS's investigatory needs, thereby satisfying the

purpose of presentment under 28 U.S.C. § 2675(a), and that he did not receive notice of the

omission of the sum certain information until after the two-year limitations period expired (Dkt.

No. 11 at 5-14).  He then argues that even if the claim was not timely presented, the court should

equitably toll the statute of limitations and consider his claim timely presented (*id.* at 14-19).[4]  In

the view of the undersigned, Plaintiff did not timely present his claim on April 8, 2014, and he

fails to point to any facts that justify equitable tolling of the two-year limitation period.

A.  Timeliness of Claim
_____

[2] Claims under the FTCA may be "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

[3] Section 2675 of Title 28 of the U.S. Code provides, in relevant part, that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).

[4] Plaintiff's alleged injury occurred on June 22, 2012.  In accordance with the statute of limitations set forth in 28 U.S.C. § 2401(b), he was required to file his initial administrative claim within two years of that date, i.e., by June 22, 2014.

To timely file an FTCA claim, a plaintiff must establish that his claim was presented to the appropriate federal agency before the expiration of the two-year limitations period.  28 U.S.C. § 2401(b).  Presentment requires the plaintiff to provide to the appropriate federal agency a "claim form or other written notification which includes (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought."  *Santiago-Ramirez v. Sec'y of the Dept. of Def.*, 984 F.2d 16, 19 (1st Cir. 1993) (citing 28 U.S.C. § 2675(a)); *see* 28 C.F.R. § 14.2(a) ("an executed Standard Form 95 or other written notification of an incident" must be "accompanied by a claim for money damages in a sum certain").[5]  A claim is properly presented only when a federal agency receives a claim with these specified requirements.

The First Circuit has recognized that "individuals wishing to sue the government must comply with the details of the law, but . . . the law was not intended to put up a barrier of technicalities to defeat their claims."  *Lopez v. United States*, 758 F.2d 806, 809 (1st Cir. 1985). "A flexible approach to the notice requirement [under § 2675] is in keeping with the original purpose behind the filing of an administrative claim: that of allowing the efficient investigation of a claim by the agency without sacrificing the entitlement of a claimant to his or her cause of action against the government."  *Santiago-Ramirez*, 984 F.2d at 19; *accord Ramirez-Carlo v. United States*, 496 F.3d 41, 46 (1st Cir. 2007).  "It is the information available rather than the form in which it is presented that is crucial."  *Coska v. United States*, 114 F.3d 319, 323 (1st Cir. 1997).  "At bottom, [however], a claim that does not provide information as to an individual's claimed damages is wholly deficient under the standards set forth in 28 U.S.C. § 2675(a) and 28

---

[5] "For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reasons of the incident."  28 C.F.R. § 14.2(a).

C.F.R. § 14.2(a)."  *Magdalenski v. United States Gov't*, 977 F. Supp. 66, 70 (D. Mass. 1997); *see also, e.g.*, *Patterson v. United States*, 451 F.3d 268, 272 (1st Cir. 2006) (the "prerequisites of § 2675(a) are fully satisfied as long as the claimant states a claim of government wrongdoing and defines its damages in a sum certain").  Plaintiff contends that because his claim was investigated and rejected on its merits by DHHS, the purpose behind the presentment requirement was effectuated, and, therefore, his claim was made on a timely basis.  DHHS's actions, however, do not excuse Plaintiff's failure to present his claim, including a sum certain, in a timely manner.  Nor was DHHS obligated to notify Plaintiff about the deficiency in his filing.  *See Magdalenski*, 977 F. Supp. at 72 ("Defendant had no obligation to inform [the plaintiff] that the claim he filed . . . was insufficient for FTCA purposes because of the lack of a sum certain."); *see also Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 63 (1984) (noting that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law").

In all of the cases on which Plaintiff relies to support his position that his filing was adequate, the claimant provided the appropriate federal agency with information from which the agency could ascertain the sum certain the claimant was demanding within the statutory limitation period.  In *Corte-Real v. United States*, 949 F.2d 484 (1st Cir. 1991), the plaintiff timely filed a SF95 that stated the amount of his claim as "$100,000 plus because still treating and out of work."  *Id.* at 485.  In a separate section, "$100,000" was listed as the total amount of his claim.  *Id.*  The First Circuit held that the plaintiff "stated a sum certain with sufficient clarity to satisfy the statutory objectives of Section 2675 and the applicable regulations" to which "the Government could refer for purposes of investigation and determination of whether settlement was appropriate."  *Id.* at 486.  The court explained that, "[w]here as here a claim clearly states a

specific sum and meets the sum certain requirement in all respects but for concern over the possible detraction of improper surplusage of this insubstantial variety, we see no reason not to strike the surplusage rather than the claim itself." *Id.* at 487.  In *Santiago-Ramirez*, the First Circuit found that a letter to a federal agency was sufficient to fulfill the statutory requirements when it identified the claimant, the dates of injury, the locations, the Government agents involved, the type of injury alleged, and the amount of damages which the claimant was seeking. *Santiago-Ramirez*, 984 F.2d at 20; *see also Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000) ("[A]s long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct *and includes a specification of the damages sought*, it fulfills the notice-of-claim requirement.") (emphasis added)).  The First Circuit reasoned: "The fact that the agency misunderstood [the plaintiff's] letter, choosing to interpret it solely as a belated appeal of an adverse administrative personnel action, should not prejudice [the claimant's] suit." *Santiago-Ramirez*, 984 F.2d at 20. Similarly, in *Lopez*, the First Circuit held that an administrative claim seeking damages for brain injuries was sufficient to support a later claim for mental damages, even though the original claim did not specifically assert that the demand related to mental as well as physical injuries. *Lopez*, 758 F.2d at 808-809.  The court emphasized that its decision did not constitute a waiver of the regulatory requirement of stating a sum certain.  *Id.* at 810.

Here, in contrast, Plaintiff's SF95, received by DHHS on April 8, 2014, did not state a sum certain nor did he provide any information within the two-year limitation period from which such a sum could be ascertained.  Even when Plaintiff provided the documentation requested by DHHS – after the expiration of the two-year limitation period – he did not provide information from which DHHS could calculate his losses.  Plaintiff's medical bills did not consistently

identify the service provided, the total cost of the service, the amount of the cost covered by insurance, or the amount of the cost covered by Plaintiff. Some records provided the amount paid by Plaintiff or the cost of the service, but provided no information about the service. The employment records did not include any indication as to the amount in lost wages Plaintiff might be claiming. Thus, contrary to Plaintiff's assertion, the documentation he submitted is not distinguishable from that submitted in *Kokaras v. United States*, 980 F.2d 20 (1st Cir. 1992), which the First Circuit held "did not lend itself to determination of a sum certain or even an approximate total of damages claimed." *Id.* at 22. In sum, Plaintiff's claim was not timely presented under 28 U.S.C. §§ 2401(b) and 2675. *See Magdalenski*, 977 F. Supp. at 71 ("[T]here is no First Circuit precedent allowing a claim to proceed when a claimant completely fails to assert a sum certain against the United States."); *see also Coska*, 114 F.3d at 322 ("In none of the cases [plaintiff] cites, where this court has allowed a claim to proceed despite a dispute over the fulfillment of the sum certain requirement, had the plaintiff completely failed to assert explicitly a damage amount against the United States.").

B. Equitable Tolling

Because Plaintiff's claim was not timely filed, the court considers whether it is appropriate to equitably toll the statute of limitations. Plaintiff argues that consideration of the factors set forth in this circuit for purposes of obtaining such relief, *e.g.*, *Kelley v. N.L.R.B.*, 79 F.3d 1238, 1248 (1st Cir. 1996), weigh in favor of equitable tolling for purposes of determining whether his claim was timely filed. The court disagrees.

The doctrine of equitable tolling is applied sparingly, *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and the party seeking its application bears a "'heavy burden'" to demonstrate the "'exceptional circumstances'" warranting such relief. *Bartlett v. Dep't of*

*Treasury*, 749 F.3d 1, 10 (1st Cir. 2014) (quoting *Irwin*, 498 U.S. at 94).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. Diguglielmo*, 544 U.S. 409, 418 (2005).  "The First Circuit, too, has held that equitable tolling is only appropriate when a plaintiff misses a filing deadline due to circumstances beyond his control." *Magdalenski*, 977 F. Supp. at 71 (citing cases).  The First Circuit has set forth five factors to consider when determining whether to equitably toll a limitation period: "'(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.'"  *Kelley*, 79 F.3d at 1248 (quoting *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 752-753 (1st Cir. 1988)).

Here, Plaintiff makes no assertion of an extraordinary circumstance that prevented the inclusion of a sum certain with his claim.  He admits that he had constructive and/or actual knowledge of the filing requirements and acknowledges that his failure to include the sum certain was "mistaken and [an] inadvertent omission" (Dkt. No. 11 at 15).  While Plaintiff suggests that the SF95 indicated only that a claim *may* be rendered invalid if filed improperly, the form his counsel submitted clearly contained a section for "amount of claim," and included in its instructions that a claim shall be deemed to have been presented when a written notification of an incident is "*accompanied* by a claim for money damages in a sum certain for . . . personal injury" (Dkt. No. 9-1 at 1-2) (emphasis added).  The form further stated that "failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid" (*id.*).  Despite Plaintiff's contention that he diligently pursued his claim, that Defendant would not suffer prejudice if he were allowed to

proceed with this suit, and that counsel had no reason to believe the SF95 had any deficiencies since the claims process continued in a routine matter, it is well-settled that "a garden variety claim of excusable neglect" does not warrant equitable tolling. *Irwin*, 498 U.S. at 96; *see, e.g.*, *Diaz v. United States*, 561 F. Supp. 2d 222, 227 (D.P.R. 2008) ("[G]arden-variety attorney negligence, even if excusable, is not grounds for equitable tolling."). Moreover, representation by counsel establishes constructive knowledge. *Bartlett*, 749 F.3d at 10. Given the narrow circumstances in which this form of equitable relief is warranted, it is not appropriate to toll the statute of limitations in this case. Accordingly, the undersigned recommends entering judgment in favor of Defendant.

V.    CONCLUSION

For the foregoing reasons, it is this court's RECOMMENDATION that the United States' motion to dismiss be converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and that the Motion for Summary Judgment be GRANTED.[6]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: October 30, 2015

---

[6] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.