UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERROL HOLLOWAY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil No. 15-30016-MGM |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION
WITH REGARD TO DEFENDANT'S MOTION TO DISMISS
(Dkt. Nos. 8 and 22)

March 17, 2016

MASTROIANNI, U.S.D.J.

Plaintiff alleges he suffered injuries at a federally funded health center on June 22, 2012. On

April 8, 2014, Plaintiff's counsel filed an administrative claim with the Department of Health and

Human Services ("DHHS"). The submission did not include the amount of damages sought in a

sum certain, which is required for a claim to be properly presented under the Federal Tort Claims

Act ("FTCA"). *See* 28 U.S.C. § 2675; 28 C.F.R. § 14.2(a). On August 14, 2014, Plaintiff's counsel

amended the submission to include a sum certain, but this was beyond the two-year limitations

period for presentment. 28 U.S.C. § 2401(b). On August 21, 2014, DHHS sent a letter denying

Plaintiff's claim, stating the evidence failed to establish that Plaintiff's alleged injuries were due to the

negligence of a federal employee.

Plaintiff then filed a complaint in this court. (Dkt. No. 1.) Defendant filed a motion to

dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 8.) In a

Report and Recommendation (Dkt. No. 22, "R&R"), Magistrate Judge Katherine A. Robertson

recognized that, following the Supreme Court's decision in *United States v. Kwai Fun Wong*, 135 S. Ct.

1625, 1638 (2015), dismissal must be sought on substantive grounds under Fed. R. Civ. P. 12(b)(6) or Fed R. Civ. P. 56. Judge Robertson recommended the court convert Defendant's motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and further recommended that such motion be allowed due to Plaintiff's failure to satisfy the FTCA's presentment requirement. After Judge Robertson issued the R&R, Plaintiff filed a timely objection, and Defendant filed a response to the objection. (Dkt. Nos. 23-24.) For the reasons set forth below, the court adopts the R&R in full and allows Defendant's motion for summary judgment.

Plaintiff's objection to the R&R raises two arguments. First, Plaintiff contends Judge Robertson erroneously relied on precedent from this court and the First Circuit regarding the FTCA's presentment requirement without recognizing factual distinctions between the precedent cases and the instant action. The cases from this court and the First Circuit cited in the R&R are squarely on point, however, and require denial of Plaintiff's claim. *See, e.g., Magdalenski v. United States*, 977 F. Supp. 66, 70 (D. Mass. 1997) ("At bottom, a claim that does not provide information as to an individual's claimed damages is wholly deficient under the standards set forth in 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a)."). Plaintiff argues none of the cases addressed an instance in which a sum certain was inadvertently omitted by a claimant. While the cases typically deal with closer calls than this case, they are clear that claims entirely failing to include a sum certain, like Plaintiff's claim, must be denied. *See, e.g., Coska v. United States*, 114 F.3d 319, 322 (1st Cir. 1997) ("In none of the cases [plaintiff] cites, where this court has allowed a claim to proceed despite a dispute over the fulfillment of the sum certain requirement, had the plaintiff completely failed to assert explicitly a damage amount against the United States."). Plaintiff's case is subsumed by the logic of the precedent cases, not distinguishable from them. Thus, this argument is without merit.

Second, Plaintiff argues Judge Robertson erroneously discounted the fact that Plaintiff's administrative claim was rejected on its merits when she concluded that the presentment

requirement was not satisfied. According to Plaintiff, courts "look[] to whether the agency's investigatory purposes were satisfied. In doing do, the courts have uniformly looked to the manner in which the agency disposed of the claim." (Dkt. No. 23 at 5.) While this argument may have some intuitive appeal, it finds little support in the cases cited.

In *Kokaras v. United States*, 980 F.2d 20, 21 (1st Cir. 1992), the plaintiffs listed a property damage claim of $2,906.61, wrote "to be determined" in the space for their personal injury claim, and wrote nothing in the space requesting a total sum. The agency denied the plaintiffs' claims "on the ground that it was invalid, stating that 'it does not inform us to [sic] any dollar amount being claimed.'" *Id.* The First Circuit upheld this denial with respect to the plaintiffs' personal injury claim, but found that the plaintiffs had presented a sum certain for their property damage claim. *Id.* at 23. Far from relying on the manner of the agency's disposition, the *Kokaras* court treated the two claims differently based on the existence of a sum certain even though the agency treated the claims identically as it disposed of them. In *Coska v. United States*, 114 F.3d at 322, after the plaintiff failed to provide any information from which a sum certain could be determined, the First Circuit noted that the agency "apparently denied the claim by letter." While the court stated the agency had previously asked the plaintiff to specify a sum certain, *see id.* at 321, there is no indication the court relied on or even considered the grounds upon which the agency's denial rested. The *Coska* court simply denied the plaintiff's claim for failure to present a sum certain, noting that the "essential information" of "the amount of damages being sought from the United States" was missing from the plaintiff's submissions to the agency. *Id.* at 323. Both *Kokaras* and *Coska* support denying a claim that entirely fails to set forth a sum certain.

In *Corte-Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991), the agency's denial of the plaintiff's claim stated "that the claim had been improperly filed because it did not state a sum certain." But while the First Circuit found the plaintiff in that case had sufficiently identified a sum

certain by writing "$100,000" and "$100,000 plus" on his claim form, it also stated "the importance and absolute necessity of adherence to the sum certain requirement." *Id.* at 486. In other words, the fact that the plaintiff satisfied the sum certain requirement did not make it any less of a requirement.

In *Kokaras*, the First Circuit did state that "[o]ur decision in *Corte-Real* supports saving a claim that is flawed, where the government's investigatory needs are satisfied." *Kokaras*, 980 F.2d at 23. As the First Circuit observed in *Coska*, the "purpose of the sum certain requirement . . . is to apprise the government of its possible liability and to provide the government with notice 'sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all.'" *Coska*, 114 F.3d at 322 (quoting *Corte-Real*, 949 F.2d at 486); *see also Lopez v. United States*, 758 F.2d 806, 809-10 (1st Cir. 1985) ("The claims process is meant largely to furnish notice to the government sufficient to allow it to investigate the alleged negligent episode to determine if settlement would be in the best interests of all."). Even if DHHS had enough information to determine that Plaintiff's injuries were not due to a federal employee's negligence, as stated in the letter of denial, DHHS's investigatory needs were not fully satisfied without a sum certain enabling it to place a value on Plaintiff's claim and engage in the settlement process. Plaintiff did not timely satisfy the requirements of 28 U.S.C. § 2675, which requires a showing of "the amount of damages sought." *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993). Nor did he timely meet the requirements of 28 C.F.R. § 14.2(a), which specifically calls for a "sum certain" among other "additional information which is only relevant for settlement purposes." *Santiago-Ramirez*, 984 F.2d at 19. By the time Plaintiff provided a sum certain and fully satisfied DHHS's investigatory needs, including for settlement purposes, it was beyond the limitations period. Because the cases do not allow a claim to proceed that "completely failed to assert explicitly a damage amount against the United States" in a timely fashion, Plaintiff's arguments "fall short." *Coska*, 114 F.3d at 322-23.

Based upon the thorough analysis presented in the R&R, giving due consideration to Plaintiff's objection, the court, upon *de novo* review, hereby ADOPTS the R&R (Dkt. No. 22) in full. Therefore, Defendant's motion to dismiss (Dkt. No. 8) is converted into a motion for summary judgment and such motion is ALLOWED in its entirety.

It is So Ordered.

 /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge